# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1997

FILED

January 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9511-CC-00379** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BEDFORD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHARLES LEE** |
| **VENSON EARL WOODARD,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Aggravated Assault)** |

FOR THE APPELLANT:

WILLIAM C. ROBERTS, JR.
Suite 1502, Parkway Towers
Nashville, TN 37219

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

MIKE MCCOWN
District Attorney General

ROBERT G. CRIGLER
Assistant District Attorney
One Public Square, Ste. 300
Shelbyville, TN 37206-4211

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

A Bedford County Circuit Court jury found Appellant Venson Woodard guilty of two counts of aggravated assault. As a Range II multiple offender, he received a sentence of nine years and eight months in the Tennessee Department of Correction. The trial court ordered the sentence to be served consecutive to a sentence for which Appellant was on parole at the time of the offense. In this appeal, Appellant presents the following issue for review: whether the trial court violated its duty to act as a thirteenth juror by refusing to grant Appellant's motion for a new trial. Specifically Appellant maintains the weight of the evidence shows he was acting in self-defense.

After a review of the record, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Several witnesses testified that on June 2, 1994, Appellant attended a party in Shelbyville, Tennessee. Appellant and another guest, Mr. Leo Trice, began wrestling, an activity in which these friends commonly engaged. During the wrestling match, Appellant initially pinned his opponent, but was himself later pinned by Mr. Trice.

While pinned by Mr. Trice, Appellant bit Mr. Trice several times on the chest and stomach inflicting wounds deep enough to require medical attention. After Mr. Trice let Appellant up, he and Appellant scuffled some and exchanged blows. They were separated by guests at the party, including Libby Burns. When

Ms. Burns tried to calm Appellant, he hit her. The victim, Anthony Lee Hicks, saw Appellant hit Ms. Burns and attempted to restrain Appellant.

At some point in all the commotion, several people heard Appellant yell to his brother to "go get the piece." Several people testified that they later saw Appellant's brother hand Appellant something, though no one saw that the object was a knife.

As Mr. Hicks attempted to restrain Appellant, the two fell to the ground. Mr. Hicks was aware of Appellant hitting him in the back. He let Appellant up and Appellant hit him in the arm; at this point Mr. Hicks saw that he was bleeding and realized that Appellant had stabbed him. Appellant and his brother fled across the street but continued to taunt the party guests. Mr. Hicks was taken to the hospital, where it was discovered that one of his lungs had been punctured by the stab wound. He was hospitalized for several days. Only Appellant and his brother indicated Appellant's actions were taken in self-defense.

## ROLE OF THE COURT AS THIRTEENTH JUROR

Appellant bases his appeal upon his contention that the trial court erred in failing to grant him a new trial upon the basis of the trial court's power as thirteenth juror. Rule 33 (f), Tenn. R.Crim.P., provides that the trial court may grant a new trial if it views the verdict to be contrary to the weight of the evidence. However, pursuant to T.R.A.P. 13(e) this Court's scope of review of the evidence is to determine whether it is "insufficient to support the findings by the trier of fact

of guilt beyond a reasonable doubt." This Court may not act as a thirteenth juror.

State v. Burlison, 868 S.W.2d 713 (Tenn. Crim. App. 1993).

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)(*quoting* Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966)).

As this Court held in Burlison, the limits on appellate review "practically foreclose assessment of the evidentiary basis for a trial court's thirteenth juror ruling." State v. Burlison, 868 S.W.2d at 719. Upon the record that the trial court fulfilled its obligation under Rule 33(f), this Court may not overturn its decision on appeal. Instead, the appellate court's duty is limited to a review of whether the obligation was discharged. If it was discharged in accordance with procedure, we affirm. If it was not, we reverse and remand for a new trial. No other remedy is available. State v. Dankworth, 919 S.W.2d 52, 59 (Tenn. Crim. App. 1995). Upon this record, we find the trial court properly fulfilled its duty to act as thirteenth juror and the record fully supports his decision to deny Appellant's new trial motion.

This issue is without merit, therefore the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE